UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
JULIA GONZALEZ,

        Plaintiff,

  -against-

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**

15-5504 (FB)

*Appearances:*
*For the Plaintiff*
JONAS H. KUSHNER
2121 West First Street
P.O. Box 2200
Fort Myers, Florida 33902

*For the Defendant*
ROBERT L. CAPERS
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By: SEAN GREENE
    Assistant United States Attorney

**BLOCK, Senior District Judge:**

    Julia Gonzalez ("Gonzalez," "plaintiff," or "claimant") seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits ("Application") under the Social Security Act ("SSA" or "Act"). Both parties move for judgment on the pleadings. For the reason stated below, the case is

remanded to the Commissioner for further proceedings consistent with this Memorandum and Order.

## I.

Forty-seven years old at the time of the Application, Gonzales had obtained no more than a seventh-grade education in Lima, Peru, prior to her immigration to the United States more than twenty years ago. She worked in cosmetology and as a housekeeper or maid in Florida until January 1, 2010, when she allegedly became unable to work due to major depressive disorder and generalized anxiety disorder. On September 8, 2010, Gonzalez filed an application for disability insurance benefits and supplemental security income with the Social Security Administration ("SSA"). After the SSA denied her application on January 5, 2011, as well as her request for reconsideration on April 12, 2011, Gonzalez requested a hearing before an Administrative Law Judge ("ALJ") on May 3, 2011.[1]

On January 23, 2014, the ALJ held that Gonzalez was not disabled within the meaning of the SSA in an eight-page decision ("Decision"). Applying the SSA's five-step sequential evaluation process,[2] the ALJ determined that: (1) Gonzalez had not engaged in

---

[1] Two hearings took place. The first was held on September 19, 2012, and a request for an interpreter by plaintiff's representative was then denied. Subsequently, the case was reassigned, and plaintiff's second request was then granted. The second and decisive hearing took place on November 22, 2013.

[2] SSA regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if he or she determines "(1) that the claimant is not working, (2) that he [or she] has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a

2

substantial gainful activity since February 2, 2011; (2) Gonzalez's cognitive impairments, major depressive disorder and generalized anxiety disorder with a history of lifelong depression, were severe impairments; and (3) Gonzalez's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1 so as to trigger her automatic classification as disabled. The ALJ also noted that Gonzalez suffered from such non-severe physical ills as back, neck, and joint pain.

The ALJ then determined that Gonzalez had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with several nonexertional limitations, as defined in 20 C.F.R. § 404.1567(b).[3] Applying this RFC to the remaining steps, the ALJ determined that Gonzalez could perform her past relevant work as a housekeeper or maid despite her mild restrictions as to the activities of daily living and her moderate difficulties with social functioning, concentration, persistence, and pace. According to the ALJ, "the record supports a finding that the claimant worked these jobs

---

determination of disability, . . . (4) that the claimant is not capable of continuing in his [or her] prior type of work, [and] (5) there is not another type of work the claimant can do." *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)-(f)). The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000).

[3] Namely, the ALJ found that Gonzalez "could perform simple, routine, and repetitive tasks on a sustained basis over a normal eight-hour workday in a stable work environment with no more than simple decision making and occasional close interpersonal interactions with workers and the public." AR 32. She, however, was deemed "unable to perform complex and detailed tasks." *Id.*

for sufficient duration and earnings level to meet the criteria of past relevant work." AR 34. She added that "[t]he vocational expert testified that a hypothetical person with the above residual functional capacity would be able to perform the job of Housekeeper/Maid." *Id.* Having "compar[ed] the claimant's . . . [RFC] with the physical and mental demands of this work," the ALJ concluded that Gonzalez was "able to perform [such work as it i]s generally performed." *Id.*

The Appeals Council denied Gonzalez's request for review on February 25, 2015, and the Decision thereby became the Commissioner's final one. Plaintiff has sought timely review, arguing that the Decision "is not based on substantial evidence and contains errors of law." Pl.'s Memo. in Sup. Compl. 2. More specifically, Gonzalez raises three arguments: (1) "the ALJ completely failed to consider multiple treating provider opinions concerning [p]laintiff's mental health"; (2) although the ALJ "is required to fairly and fully develop the administrative record, regardless of whether the claimant is represented by counsel, . . . the ALJ essentially negotiated an amended onset date of disability with the [p]laintiff, and then reneged in the . . . [D]ecision by denying the claim," effectively depriving plaintiff of "a full and fair hearing"; and (3) the "[D]ecision contains a cursory credibility analysis," "fail[s] to credit [p]laintiff's good work history," and "penalize[s] . . . [her] for not following a 'proper treatment regimen.'" *Id.* at 9, 11, 13–15. She contends that given these errors, the record otherwise supports her entitlement to benefits.

4

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *cited in, e.g.*, *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). A final decision must be sustained even if the record is rife with contradictory data and a court disagrees with the ALJ's assessment of the evidence. *See, e.g.*, *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984); *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982). But, if contradictions exist and if an ALJ fails to explain with some reasonable precision why he or she opted for one interpretation over another, the Commissioner's findings cannot stand. *See, e.g.*, *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("'[T]he ALJ cannot arbitrarily substitute his [or her] own judgment for competent medical opinion. . . .'"); *cf. Selian v. Astrue*, 708 F.3d 409, 420 (2d Cir. 2013) ("To the extent that record is unclear, the Commissioner has an affirmative duty to 'fill any clear gaps in the administrative record' before rejecting a treating physician's diagnosis."). "[T]he reviewing court is required to examine the entire record." *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983).

The treating physician rule dictates that "the opinion of a claimant's treating

physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(c)(2)). For purposes of this rule, "medical opinions" include "statements from physicians and psychologists and other acceptable medical sources," 20 C.F.R. § 404.1527(a)(2), and can take a variety of forms, *cf. Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (noting that the relevant treating physician's opinion had been embodied in a checklist); *Philpot v. Colvin*, No. 12-CV-291 (MAD/VEB), 2014 WL 1312147, at *19 (N.D.N.Y. Mar. 31, 2014) (same); *Gray v. Astrue*, No. 09-CV-00584, 2011 WL 2516496, at *5 (W.D.N.Y. June 23, 2011) (same). If the ALJ does not give a treating physician's opinion controlling weight, he or she must provide "'good reasons' for the weight given to that opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004).

The ALJ must consider opinion evidence of even non-examining sources under the same factors as those applicable to examining sources, though generally affording greater weight to a treating physician's assessment. 20 C.F.R. § 416.927(e)(2)(ii); *see also Wells v. Comm'r*, 338 F. App'x 64, 67 (2d Cir. 2009) (citing regulatory predecessor). The failure to undertake such a comprehensive and reasoned review of competent medical evidence is a ground for remand. *See, e.g.*, *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999); *McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983); *Garcia v. Comm'r*

6

of Soc. Sec.*, 2016 WL 5369612, at *3 (S.D.N.Y. Sept. 23, 2016); *Briscoe v. Astrue*, 892 F. Supp. 2d 567, 580 (S.D.N.Y. 2012).

Plaintiff argues that the ALJ failed to correctly apply the treating physician rule when "the ALJ failed to consider multiple treating provider opinions concerning [p]laintiff's mental health." Pl.'s Memo. in Sup. Compl. 9. Plaintiff is correct. As a perusal of the Decision reveals, the ALJ never points to specific evidence or clinical findings in the record that contradict these opinions. AR 33; *see, e.g.*, *Snell*, 177 F.3d at 133; *Halloran*, 362 F.3d at 33. Thus, remand is warranted.

Notably, the Commissioner does not argue otherwise. Instead, the Commissioner asserts that evidence in the record substantially supports the Decision. Even if the Court were to accept this assertion as true, a remand would be required, as it was incumbent on the ALJ to provide specific reasons for her conclusion in the Decision itself, not for the Commissioner to mine the record now. *See, e.g.*, *Sims v. Apfel*, 530 U.S. 103, 111 (2000) ("It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . ."); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) ("Remand may be appropriate . . . where . . . inadequacies in the ALJ's analysis frustrate meaningful review."); *Meadors v. Astrue*, 370 F. App'x 179, 185 n.2 (2d Cir. 2010) (The ALJ "'cannot simply selectively choose evidence in the record that supports his conclusions .'"); *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("[A]n ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative

record."). At this point, what the evidence arguably, or even decisively, shows is utterly irrelevant as the ALJ herself failed to assemble and specify a "quantum of relevant evidence" that "a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 401.

## III.

On remand, the ALJ should not only provide a more thorough application of the treating physician rule as to plaintiff's psychological state but should review the entire record so as to ensure his or her every conclusion is supported by substantial evidence. *See, e.g.*, *Parker v. Harris*, 626 F.2d 225, 231–32 (2d Cir. 1980) (citing, among others, *Gold v. Sec'y of Health, Educ. & Welfare*, 463 F.2d 38, 44 (2d Cir. 1972)); *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009). Given this disposition, the remaining issues raised by plaintiff need not be addressed. *Cf. Pratts*, 94 F.3d at 37.

**SO ORDERED**

                                                /S/ Frederic Block
                                                FREDERIC BLOCK
                                                Senior United States District Judge

Brooklyn, New York
January [], 2017